Berry v. Gravel.

---

## BERRY V. GRAVEL.

1. ATTACHMENT: PLEADINGS. Issue cannot be joined in the trial of the main action in an attachment suit on the facts set out in the petition as the cause for an attachment.

2. PRACTICE. An objection not presented in the court below, will not be considered in the Supreme Court.

3. ATTACHMENT: APPEAL. An appeal lies from an order sustaining or dissolving an attachment, but such appeal does not bring up, for reviewal, the record in the principal action, unless it is necessary and material to an understanding and disposition of the ruling from which the appeal is taken. 1.

---

1 *Ellsworth* v. *Moore*, 5 Iowa 486; *Wood*, Ib. 263.
*Mays* v. *Deaver*, 1 Ib. 216; *Sands* v.

*Appeal from Woodbury District Court.*

SATURDAY, OCTOBER 6.

ATTACHMENT. The defendant moved the court to dissolve an attachment upon the following grounds: *First,* The writ was improvidently issued. *Second,* The facts alleged as the grounds for issuing said writ, in plaintiff's petition, are, and were, when made, wholly false and untrue. This motion was overruled by the court, and the defendant appeals. This ruling is the only error complained of.

*Casady, Crocker & Polk* for the appellant, in an argument reviewing *Sackett, Belcher & Co.* v. *Patridge & Cook,* 4 Iowa 416, cited Drake on Attach. chapter 15; Code of 1851, chapter 104 and 109; *Pomroy & Co.* v. *Parmlee,* 9 Iowa 140.

*John A. Kasson* for the appellee.

*Sackett, Belcher & Co.* v. *Patridge & Cook,* 4 Iowa 416, was followed in *Sample* v. *Griffith,* 5 Ib. 376; *Churchell, et al,* v. *Fulliam,* 8 Ib. 45. It was cited and approved in *Bowers* v. *Gilkeson,* 7 Ib. 504; and in *Veiths* v. *Hagge,* 8 Ib. 192. The doctrine of *stare decisis* applies. We have had two sessions of the legislature since this case was decided, and the law-making power has rested content with that interpretation of the law. *The City of Muscatine* v. *Steck,* 7 Iowa 505.

WRIGHT, J.—I. It has been too often decided by this court, that the defendant has no right to make an issue and claim a trial in the principal suit upon the facts stated in the petition for an attachment, to be now considered an open question. *Sackett, Belcher & Co.* v. *Patridge,* 4 Iowa 416; *Sample* v. *Griffith,* 5 Ib. 376; *Bowen* v. *Gilkeson,* 7 Ib. 503; *Veiths* v. *Hagge,* 8 Ib. 192–3; *Andras* v. *Clark,* Ib. 476; *Burrows* v. *Lehndorff,* Ib. 96; *Churchill, et al,* v. *Fulliam,* Ib. 45.

II. There was no objection made in the court below, in the motion to dissolve the attachment, to the sufficiency of

the affidavit therefor, and we cannot therefore consider an objection to the same urged in this court for the first time.

III. The attachment proceedings are auxiliary to, and for some purposes, independent of, those in the main action; and where a party appeals from the rulings and decisions made in the court below on the attachment part of the case, (so stating in his appeal) he cannot assign errors on the proceedings in the principal suit, which are in no manner connected with the orders appealed from.　While it is true that this court will look into the entire record in the consideration of the errors assigned, such rule is not to be carried to the extent of justifying us in examining errors upon a part of the record from which there never has been an appeal.　An appeal lies from an order dissolving or sustaining an attachment, (*Johnson & Stevens* v. *Butler*, 1 Iowa 459 ; *Bell* v. *Preston*, Ib. 460 ;) but such an appeal does not bring up the main case for review here, except so far as material to the understanding and disposition of that from which the party appeals.

Judgment affirmed.