### WADSWORTH & WELLS v. CHEENEY & STINSON.

1. AMENDMENT: ATTACHMENT. A petition or affidavit for an attachment may be amended and after amendment the plaintiff is not prejudiced by the defect corrected; neither is it necessary to issue and levy a new writ upon the property attached.

2. WRIT OF ATTACHMENT. It is not necessary in a writ of attachment to recite the cause set out in the petition.

<em>Appeal from Floyd District Court.</em>

MONDAY, OCTOBER 13.

THIS cause was before this court at the December term, 1859. A statement of the case is given by the court: see the opinion as reported in 10 Iowa, 258.

Upon the reversal of the judgment, a *procedendo* issued, and when the cause was again docketed for trial, the defendant moved to discontinue; pending which motion an amended petition was filed. The motion to discontinue, as well as a motion to strike the amended petition from the files, were each overruled. A motion to quash the attachment, and a demurrer to the amended petition, were each sustained. Judgment for defendant—plaintiff appeals.

*C. C. Nourse* and *G. G. & R. G. Reineger* for the appellants.

1. That the writ does not recite the grounds of attachment is immaterial. *Hays & Blanchard* v. *Gorly*, 3 Iowa,

203. 2. An amendment of the affidavit for the attachment cures the defect, without prejudice to the plaintiff. *Graves v. Cole,* 1 G. Greene, 405; *McCarn v. Scott et al.,* 7 Iowa, 404; Code of 1851, § 2511; *Bebb v. Preston,* 3 Iowa, 325; *Harkins v. Edwards & Turner,* 1 Iowa, 296. 3. Under the old practice, the affidavit was sufficient. *Pitkins v. Boyd,* 2 G. Greene, 255; *Chittenden & Co. v. Hobbs et al.,* 9 Iowa, 417; *Bates v. Robinson,* 8 Iowa, 318. 4. None of the causes of demurrer assigned relate to the sufficiency in law of a single allegation in the answer. Code of 1851, § 1734; *Hunt v. Collins,* 4 Iowa, 56; *Holloway v. Herryford,* 9 Iowa, 356.

*S. B. Starr* and *L. L. Ainsworth* for the appellee, contended that an amendment substituting a new cause for attachment cannot be allowed. *Eads v. Pitkin,* 3 G. Greene, 77; *Tiffany v. Glover,* Id., 387; *Queen v. Griffith et al.,* 4 Id., 113; *Dawson v. Jewett,* Id., 157; *Wadsworth & Wells v. Cheeney & Stinson,* 10 Iowa, 258.

BALDWIN, C. J. — The action of the District Court in overruling the defendants' motion to discontinue, and to strike the amended petition from the files is not appealed from. This ruling is not assigned as error. It is useless to consider the argument of the defendants against the correctness of this ruling, as long as they resist a reversal of the cause.

The errors assigned relate to the motion to dissolve, and the demurrer to the amended petition.

If the attachment cannot be sustained, the whole proceedings of the plaintiffs' fall to the ground. When the original petition was filed the debt was not due, and the plaintiffs' action could be maintained only under the provision of the statute, which authorizes the issuance of a writ of attachment upon a debt not due.

The judgment of the District Court, upon the former appeal, was reversed and remanded for further proceedings, upon the ground that the allegations in the amended petition were in the present tense, and did not relate back to the state of facts existing at the commencement of the suit.

An amended petition was filed after the cause was remanded, obviating this defect. The court overruled a motion to strike this amended petition from the files. This action of the court was not appealed from, and it is not now a question for us to determine whether this amendment could be made or not at that stage of the proceedings.

The first cause assigned in the motion to quash the attachment is, that the writ does not recite the causes alleged in the plaintiffs' amended petition, as a ground for issuing the same. There can be no question as to the right of the plaintiff to amend his petition, or the affidavit upon which the attachment is based, upon such terms as the court may impose, and in case of such amendment, the party shall not be prejudiced by such defect. See § 2511, Code; *McCarn* v. *Scott et al.*, 7 Iowa, 404.

In the original and amended petition the causes for the attachment were the same, to wit: the fraudulent disposal of the defendants' property. The original petition was defective, in not stating that the debt was not due. By the amended petition this defect was cured. The plaintiff, by this amended pleading, did not withdraw the original cause of action, and allege a new and distinct one. There was, therefore, no occasion for the issuance of a new writ. The property was held under the old writ until released by the proper order of the court.

But in addition to this view of the case, we think the attachment should not be dissolved on this account, because it is not necessary, under the ruling of this court, that the causes for the issuance of the attachment should be stated in the writ. See *Hays & Blanchard* v. *Gorly*, 3 Iowa, 203.

There are several other causes assigned in the motion to quash; but they present no such objections as would justify the court in its ruling.

It is claimed under the demurrer that the amended petition is inconsistent with the original one. The same objections are in substance made by the demurrer as under the motion to quash, neither of which should have been sustained.

Reversed.