## GOURLEY v. CARMODY.

1. **Amendment:** IN ATTACHMENT PROCEEDING: DISSOLUTION OF WRIT. Amendments to the petition, which do not state any new causes for the attachment, but merely make that in the original more specific, are permissible; and where the penalty of the bond is for too small an amount, the same may be amended by filing a new bond in the proper amount. So, too, a manifest clerical error in the amount stated in the writ, causing a slight discrepancy between it and that claimed in the petition and notice, may be amended; and it is error to dissolve an attachment for these defects, after such amendments have been made.

2. **Writ of error:** JUDGMENT OF THE DISTRICT COURT. Where the ruling of a justice of the peace, in dissolving an attachment, is reversed upon writ of error, the District Court should not render final judgment against the defendant, but remand that branch of the cause to which the writ of error reached, with directions to the justice to enforce the judgment rendered by him against defendant, in the main proceeding, with the lien of the attachment retained.

*Appeal from Marshall District Court.*

WEDNESDAY, JULY 31.

PLAINTIFF brought his action before a justice of the peace, asking an attachment upon a note not due. De-

fendant moved to dissolve, which was sustained, and because of alleged errors in such ruling, plaintiff prosecuted his writ of error to the District Court.

On the hearing there, the order of the justice was reversed, and judgment rendered against defendant for the amount of plaintiff's claim and costs. Defendant appeals.

*Boardman & Brown* for the appellant.

*Henderson & Binford* for the appellee.

WRIGHT, J. — As we construe the justice's transcript, plaintiff asked leave to amend his petition, bond, and 1. AMEND- also the writ, before the submission of the MENT: in attachment motion to dissolve. It also appeared that an proceeding. amended bond and petition were filed, and still the justice sustained the motion, and ordered the attached property to be released. If under the statute the amendments were permissible, then to this extent the defects were cured. An examination of them satisfies us that the plaintiff did not do more than was his right under section 3242 of the Revision. The amendments to the petition were in form rather than substance; there was no statement of new causes for the attachment, but that in the original, merely made more specific. The new bond was the same as the original, except in the amount of the penalty. Such amendments are unquestionably proper under the statute.

The point upon which the justice relied in making the order, was probably the defect in the bond. The petition claimed ninety dollars, and the notice the same amount. The writ commanded the officer to attach property sufficient to satisfy the sum of ninety-nine dollars. Taking the whole record together, this was manifestly a clerical error, and one which the justice, under the liberal rule

of the statute (§ 3242), had the clear right to amend. And this amendment he should have made. At all events, after the plaintiff asked to amend and correct this particular defect, it was error upon this ground to dissolve the attachment. And see §§ 2978, 4119; *Wadsworth* v. *Cheeney*, 13 Iowa, .576; *Langworthy* v. *Waters*, 11 Id. 432.

The District Court erred, however, in rendering judgment in the principal case against the defendant. The 2. WRIT OF ERROR: judgment of the District Court. writ of error only reached to and brought up for review, the auxiliary part of the proceedings. No errors were assigned in relation to the judgment against defendant. *Berry* v. *Gravel*, 11 Iowa, 135; *Hays* v. *Gorby*, 3 Id. 206; Rev. § 3938. Having reversed the order dissolving the attachment, that branch of the cause should have been remanded, with directions to the justice, to proceed to enforce the judgment, with the lien of the attachment retained.

The case will be remanded, that this order may be .made, appellant recovering his costs.

Reversed.