## Shaffer v. Sundwall et al.

1. Attachment: AMENDMENT. An amendment, curing a defect as to the form of the affidavit for a writ of attachment, may be properly allowed.

2. —— STATEMENT OF INDEBTEDNESS. If, in an action commenced by attachment, the amount claimed to be due is stated in the body of the petition, it need not again be stated in that portion of the petition which asks for the writ.

3. ——WANT OF SEAL: AMENDMENT. A writ of attachment issued from the circuit court, having the seal of the district court impressed thereon, is invalid. It is the same as if the writ had no seal, and the defect cannot be cured by amendment.

*Appeal from Jackson Circuit Court.*

WEDNESDAY, MARCH 27.

THE plaintiff filed in the Jackson circuit court a petition claiming of defendants the sum of $357.54, and alleging that: " On the 6th day of December, 1870, the defendants gave to your petitioner the written order in pencil writing on Mr. Butler, for $152.54 in favor of the plaintiff, which the said Butler did not pay, and on which there is now due the sum of $147 to the plaintiff. Second, plaintiff further says that the defendants are indebted to him in the further sum of $200 on an account to plaintiff assigned by William O'Marrah, which was due and owing to him from defendants, and which was assigned by the said O'Marrah to plaintiff for a valuable consideration. A copy of the account is attached to the petition.

Your petitioner further says that, as he is informed and believes, the said defendants have, in whole or in part, disposed of their property with intent to defraud their creditors, and not having sufficient remaining for the payment of their debts, plaintiff, therefore, asks that he may have a writ of attachment to aid him in the collection of his said claim.

his<br>
WILLIAM + SHAFFER.<br>
mark.

" Subscribed and sworn to by William Shaffer, before me this 24th day of April, 1871.

"E. J. HOLMES, *Clerk.*"

On the filing of the foregoing petition, E. J. Holmes, clerk of the circuit court of Jackson county, issued from said circuit court a writ of attachment in said cause, with the seal of the *district court* of Jackson county thereon.

On the back of said writ, the sheriff of Jackson county

made the following indorsement: "I hereby deputise John S. Dunham to serve the within writ of attachment. M. S. Allen, sheriff." This was the only authority to Dunham to serve the said writ. The substance of the return upon the writ is as follows: "I certify that I served the within writ of attachment on the 24th day of April, 1871, by attaching the following property, to wit: * * * * The property of Alfred Sundwall and August Sundwall, in the possession of William Shaffer, in Van Buren township, Jackson county, Iowa. * * * *

John S. Dunham, <em>Deputy.</em><br>M. S. Allen, <em>Sheriff.</em>

The defendants moved the court to discharge the attached property upon the following grounds:

"1. The petition which asks an attachment is not sworn to."

"2. The claim in the petition is founded on contract, and the petition which asks an attachment does not state that something or any thing is due, and as nearly as practicable the amount due."

"3. There is no seal on the writ of attachment of the court issuing the said writ."

"4. The writ of attachment is not levied by the sheriff or any of his deputies, or any person authorized to levy or execute said writ."

"5. There has been no levy on the property, for the reason that the return shows that the property was in the hands of a third person, and no notice was served on the said person or the defendants. And the party serving the same, to wit, John S. Dunham, was not authorized to serve it."

The court overruled this motion, and ordered that plaintiff have leave to amend the affidavit to his petition, and the clerk to amend the writ of attachment by fixing the seal of that court, and that the sheriff have leave to amend his return.

Defendants appeal.

*Charles Rich* for the appellant.

No appearance for the appellee.

DAY, J. — I. It is claimed that there is no affidavit of verification ;. that the petition is not sworn to as the law requires ; and that the certificate is insufficient under section 2913 of the Revision. *Way* v. *Lamb*, 15 Iowa, 82. If it should be conceded that all these defects exist, still there was no error in the action of the court directing an amendment in these respects. That the petition was sworn to is clearly established. The defect urged is not that the petition was not verified, but that it was not verified strictly in the manner required by law. The objection goes to form rather than to substance. "The attachment law shall be liberally construed, and the plaintiff, before or during trial, shall be permitted to amend any defect of form in the affidavit, bond, attachment, or other proceeding." Rev., § 3242. See, also, *Wadsworth* v. *Wells*, 13 Iowa, 576 ; *Bunn* v. *Pritchard*, 6 id. 56 ; *Graves* v. *Cole*, 1 G. Greene, 405 ; *Langworthy* v. *Waters, Hughes & Co.*, 11 Iowa, 432.

II. It is urged that the petition which asks the attachment does not state that any thing is due. While it is

2. — statement of indebtedness.

conceded that in the body of the petition asking a judgment, the amount due *is stated*. The view of counsel seems to be that the portion of the petition which asks an attachment must be separate and distinct from that in the main cause, and must in itself contain all the essential averments ; and that it cannot be aided by the averments, in the body of the petition, setting forth the cause of action. We are aware of no principle of pleading by which this position can be sup ported. Section 3173, which provides that if the attachment be sued out subsequent to the commencement of the

Shaffer v. Sundwall.

action, a separate petition must be filed, impliedly negatives the necessity for such separate petition when the attachment is sought at the commencement of the action. *Expressio unius est exclusio alterius.* See *Shevill* v. *Fay*, 14 Iowa, 292, in which a petition, framed in substance as the one under consideration, was held sufficient.

III. The writ of attachment issued from the circuit court, and bore the seal of the *district court.* The circuit court of each county is required to use its own seal, having on the face thereof the words "*circuit court,*" and the name of the county and State. Acts 12th Gen. Ass., ch. 86, § 11.

3. —— want of seal: amendment.

No authority is conferred upon the circuit court to use the seal of the district court in authentication of writs issued from the circuit court.

The seal of the district court had no greater effect in giving validity to the writ of attachment in this case than the seal of a private corporation, or a notary public, or any other seal which the clerk had no authority to use would have had. The case stands then as though no seal had been used. A writ of attachment without a seal is invalid, and the defect is of such a nature that it cannot be cured by amendment. *Foss* v. *Isett*, 4 G. Greene, 76. The court erred, therefore, in overruling the motion to discharge the attachment, and in permitting the amendment of the writ by attaching the seal.

For this cause the judgment must be reversed. It becomes unnecessary to determine the authority of Dunham to serve the writ.

Reversed.