WESTPHAL, HINDS & Co. v. SHERWOOD & CHAPMAN.

1. **Attachment**: WRIT: LANGUAGE OF: TIME OF MAKING RETURN. It is not necessary to the validity of a writ of attachment that it contain a direction to the sheriff to make a return by the first day of the next term of court; and such direction, though a common one, is to be regarded as mere surplusage. Compare Code, § 2962; *Wadsworth v. Cheeney*, 13 Iowa, 576; *Hays v. Gorby*, 3 Id., 203.

2. ———: ———: LIFE OF: TIME FOR LEVY AND RETURN: CODE, § 3010. The last provision of § 3010 of the Code does not require that a writ of attachment be returned by the first day of the first term at which the defendant is required to appear, unless it has been executed at that time; but the writ continues in force, and a levy may be made at any time before the judgment, and before the return of the writ.

3. ———: ———: SURPLUSAGE: AMENDMENT. It is not error to overrule a motion to amend a writ of attachment by striking out matter which is mere surplusage.

*Appeal from Delaware District Court.*

TUESDAY, JUNE 23.

THE original notice was served on the defendants on the sixteenth of October, 1884. It required them to answer on the second day of the term of the district court, which commenced on the twenty-seventh of that month. A writ of attachment was sued out, and placed in the hands of the sheriff on the day on which the suit was instituted. This writ commanded the sheriff to attach property of the defendants sufficient to satisfy the amount of damages claimed by plaintiffs. It also contained the following directions: "And of this writ you will make due and legal service, and return to our said court on or before the first day of the next term thereof." The sheriff, however, did not serve the attachment before the next term of the court. Neither did he return the writ. The defendants appeared at that term, and filed a motion for a more specific statement of plaintiff's cause of action, which motion was confessed, and

plaintiffs filed an amended petition, and the cause was then continued. After the adjournment of the court for that term the sheriff levied the attachment on certain real estate belonging to defendants. He also returned the writ. At a subsequent term of the court the defendants filed a motion to discharge the attached property, on the ground that the levy was not made until after the adjournment of the term at which the writ, by its terms, was returnable. Plaintiffs also filed a motion to amend the writ, by striking out the direction to the sheriff to make a return on or before the first day of the next term. The district court overruled the latter motion, and sustained defendants' motion to discharge the attached property. Plaintiffs appealed from that order.

*Blair & Norris* and *Henderson, Hurd & Daniels*, for appellants.

*Yoran & Arnold*, for appellees.

REED, J.—A question which was argued by counsel is whether the direction to the sheriff to serve the attachment, and make his return to the court on or before the first day of the next term, is a material part of the writ. The only provision of the statute with reference to the form of the writ is that contained in section 2962 of the Code, which is as follows: " The clerk shall issue an attachment, directing the sheriff of the county therein named to attach the property of the defendant to the requisite amount therein stated."

1. ATTACH-MENT: writ: language of : time of making return.

The ordinary form of attachment in use in this state contains a statement of the cause of attachment alleged in the petition; also a recital of the fact that a bond has been given. It has been held, however, that neither of these recitals is essential to the validity of the writ. *Wadsworth v. Cheeney*, 13 Iowa, 576; *Hays v. Gorby*, 3 Id., 203. It is usual, also, to insert a direction similar to the one in question in the writ. It is clear, however, that this is not an

essential of the writ. The section of the Code quoted above requires that it shall contain a mandate directing the sheriff to attach an amount of the defendants' property sufficient to satisfy the claim alleged by the plaintiffs; but no other command or direction is required to be inserted in it. The power to make the levy is conferred on the officer by the writ; but his duties as to the manner in which the power is to be exercised, and as to the return of the writ, are prescribed by the statute.

Defendants contend, however, that the sheriff was required by the statute to make return of the writ on or before the first day of the term of court which commenced on the twenty-seventh of October. The provision relied on is Code, § 3010, which is as follows: "The sheriff shall return upon every attachment what he has done under it. The return must show the property attached, the time it was attached, and the disposition made of it, by a full and particular inventory; also the appraisement above contemplated, when the same has been made. When garnishees have been summoned, their names, and the time each was summoned, must be stated; and, when real property is attached, the sheriff shall describe it with certainty, to identify it, and, when he can do so, by a reference to the book and page where the deed under which defendant holds is recorded. He shall return with his writ all bonds taken under it. Such return must be made immediately after he shall have attached sufficient property, or all that he can find, or, at latest, on the first day of the first term at which defendant is notified to appear."

The position of counsel is that the last provision of this section made it the imperative duty of the sheriff to return the attachment not later than the first day of the term, and therefore the life of the writ terminated at that time, and it conferred no power on the officer to make a levy after that. But this position is not sound. The effect of the section is to be determined from a consideration of all of its provis-

Westphal, Hinds & Co. v. Sherwood & Chapman.

ions.  It contains no provision as to the time within which the writ may be executed; nor is there any express provision on that subject elsewhere in the statute.  It does, however, prescribe a rule as to the time within which the return must be made, viz., that "such return must be made immediately after he shall have attached sufficient property, or all that he can find, or, at latest, on the first day of the first term," etc. But until the writ has been executed there can be no return. The return consists in the account in writing made by the sheriff of the manner in which he has executed the writ. The limitation contained in the last clause of the section, as to the time within which the return must be made, refers necessarily, therefore, to a time after the writ has been executed.  As the sheriff had not executed the writ at that time, he could not make a return on or before the first day of the term; and, as the statute contains no provision as to the time within which a levy of an attachment must be made, we think it may be made at any time before judgment, and before the return of the writ.  The court erred, therefore, in discharging the attached property.

Plaintiffs' motion to amend the writ was properly overruled.  The direction to the sheriff which they sought to

3. ——: ——: surplusage: amendment.

have stricken out did not constitute a defect in the writ.  It contained the only mandate which is required under the statute, and the matter aimed at by the motion should be treated as mere surplusage.

The order discharging the property will be

REVERSED.