[No. 774.   September 24, 1898.]

JOHN W. SCHOFIELD, Receiver, Plaintiff in Error, v.
AMERICAN VALLEY COMPANY and W. B.
SLAUGHTER, Defendants in Error.

#### SYLLABUS BY THE COURT.

ATTACHMENT—APPEAL—DISMISSAL OF PRINCIPAL ACTION—REVIEW.—1·
When an affidavit in attachment is traversed and trial is had on the
issues raised, an appeal can not be taken from the judgment, until
final judgment is entered in the main case to which the attachment
is auxiliary.

2. After judgment is entered for the defendant on the trial of the issues
raised on the traverse of an affidavit for attachment, no appeal can be
taken from such judgment when the plaintiff afterwards voluntarily
dismisses the main case to which the writ of attachment was aux-
iliary.

*Error*, from a judgment for defendant, to the Fifth
Judicial District Court, Socorro County.   Affirmed, and writ
of error dismissed.

The facts are stated in the opinion of the court.

CHILDERS & DOBSON for plaintiff in error.

There was sufficient evidence to go to the jury as to the
ground "that defendant was about to remove its property, and
effects out of this territory."   The court below erred in ruling
that a removal of all of defendant's property, if done in the
ordinary course of business and without intent to defraud,
hinder or delay the creditor, did not come within the statute.
Kearney Code 39, Sept. 22, 1846; Comp. Laws 1865, 208,
sec. 1, sub. div. 3; Id., p. 742; Rev. Stat. U. S., sec. 5596;
U. S. v. Bowen, 100 U. S. 508; Victor v. Arthur, 104 Id.

498; Meyer v. Western Car Co., 102 Id. 1; McDonald v. Hovey, 110 Id. 619.

Punctuation is not to be regarded in the construction of a statute. Hammock v. Loan & Trust Co., 105 U. S. 72; Endl. on Inter. Stat., sec. 61; Cushing v. Worrick, 9 Gray, 382.

A limiting clause in this case "so as to hinder, delay or defraud his creditors," is to be confined to the last antecedent, unless there is something in the subject-matter which requires a different construction. Cushing v. Worrick, supra; Dwar. on Stat. 590, 591; Sedg. on Const. Stat. 226 and note; Endl. on Inter. Stat., sec. 414; State v. Conklin, 34 Wis. 21; Goodbar v. Bailey, 22 S. W. Rep. 568.

This court will review the proceedings of the court below as to admission of evidence and instructing the jury on a trial of the issues raised by the denial of the allegations in the attachment affidavit. Leitensdorfer v. Webb, 1 N. M. 34; Talbott v. Randall, 3. Id. 363; Torlina v. Trorlicht, 5 Id. 148; Id., 6 N. M. 54; Schofield v. Folsom, 7 Id. 601; Bank v. Folsom, Id. 611; Curran v. Kendall, 8 Id. 421.

"The order dissolving or sustaining an attachment is a final order affecting the substantial rights of the parties, and may be reviewed without bringing up the whole case, after final judgment; and this is undoubtedly the correct rule, even though there is no direct statutory provision in our code authorizing an appeal in such cases, except as to final orders generally." Drug Co. v. Drug Co., 40 Pac. Rep. 981, and citations; Salmon v. Mills, 66 Fed. Rep. 32; Stanley v. Roberts, 59 Id. 836.

It does not matter that plaintiff subsequently dismissed the suit on the merits, in consequence of the payment of the debt, or by reason of a compromise. He is nevertheless entitled to a review of the action of the court in erroneously instructing the jury to find a verdict for defendant. Detroit Free Press Co. v. Medical Ass'n, 31 N. W. Rep. (Mich.) 537. See, also, Chapman v. Sutton, 32 Id. (Wis.) 683, and citations.

F. W. CLANCY for defendant in error.

Appeal or error does not lie where a party voluntarily dismisses his suit after the decision of which he complains. Mott v. Hill, 7 Ga. 99; Donnelly v. Speer, Id. 227; Bank v. Hayes, 3 Ind. 400; Newman v. Dick, 23 Ill. 278; Bank v. Hicks, 4 J. J. Marsh. (Ky.) 128; Imley v. Beard, 6 Cal. 666; Sleeper v. Kelly, 22 Id. 456.

Plaintiff in error can not here obtain a review of the judgment on the attachment affidavit. Leitensdorfer v. Webb, 20 How. (U. S.) 186.

MILLS, C. J.—On January the 20th, 1894, the plaintiff as receiver of the Albuquerque National Bank, filed in the district court for the county of Socorro, a declaration in assumpsit, and on the sixth of the following March filed an affidavit for attachment, claiming that the defendants owed the bank of which he was receiver the sum of $17,580 on account of three promissory notes.

The grounds for the attachment, as set out in the affidavit, were that the American Valley Company "has fraudulently concealed and disposed of its property and effects so as to defraud, hinder and delay its creditors; and that the said American Valley Company is about to remove its property and effects out of this territory; and that the said defendant, The American Valley Company, is about to fraudulently convey and assign, conceal and dispose of its property and effects so as to hinder, delay and defraud its creditors; and that the said defendant, W. B. Slaughter, is not a resident of and does not reside within the territory of New Mexico."

On the same day bond was filed and summons and writ of attachment was issued, and were placed in the hands of the sheriff of Socorro county for service. Under the writ of attachment the sheriff levied on the property of the American Valley Company, taking into his actual possession at one time, nearly one thousand head of cattle, besides other property.

The defendant company and Slaughter entered separate appearances and duly pleaded to the suit in assumpsit and both traversed the affidavit of attachment.    On May 29, 1894, on motion, the court granted a severance, and trial was had on the truth of the affidavit, and the traverse to it filed by the American Valley Company, a jury being impaneled.    At the conclusion of the evidence offered by the plaintiff the defendant moved the court to instruct the jury to find the issues in its favor, and the jury by the direction of the court so found. To this instruction the plaintiff duly excepted, and moved the court to set aside the verdict, which motion was overruled and judgment dissolving the attachment and taxing the costs against Schofield as receiver was duly entered.

On January 3, 1898 (nearly four years after the trial of the issue raised by the attachment), the plaintiff gave notice in the assumpsit suit, on which the attachment was based that he would "not further prosecute this cause and moves to dismiss the same."    The court accordingly dismissed the case and ordered costs to be taxed against the plaintiff, and on the twentieth of the same month the following order was entered:

"Now comes the parties in this cause by their attorneys, and file their stipulation herein, whereby it is agreed that the record in this case shall show the fact that after the trial of the truth of the attachment affidavit herein, and before the dismissal of the cause, the case was compromised and settled by the payment to the plaintiff of a portion of the money claimed, which was received in full payment of the claim of plaintiff; and that the said stipulation shall be taken as a part of the record in said cause, or that the record of the said cause may be amended in accordance with the said stipulation so as to show the above mentioned facts."

Bill of exceptions was thereafter settled, and that part of the case which relates to the writ of attachment comes before us.

The second, third and fourth assignments of error relate to the admissibility of evidence which the court ruled out at the trial.    The first is that the court erred in instructing the

jury to find a verdict for the defendant, and the fifth alleges
error in the court refusing to set aside the verdict and grant a
new trial.

We might decide the case at once on the assignments of
error, but as there are several interesting points raised, which
are important in the practice in this territory we will briefly
discuss them.

The case is peculiar and we have searched the books in
vain to find one parallel to it.    A suit in assumpsit is brought
to collect a debt, and in the same suit an attachment is sued
out, issue joined on the traverse filed to the affidavit on which
the attachment is based, and on the trial judgment is rendered
for the defendant and the attachment is dissolved.    Nearly
four years afterwards the plaintiff of his own volition dismisses
the assumpsit suit which was the main suit, and on which the
attachment rested and without which it could not have been
brought, and now seeks to get a review of that part of the pro-
ceedings which relates to the judgment dismissing the attach-
ment.

The first question which presents itself is, can an appeal
be taken from a judgment dissolving an attachment?    The
plaintiff seems to think that it can be done,
and cites authorities in support of his conten-
tion.

ATTACHMENT:
appeal.

In Watson v. Sullivan, 5 Ohio St. 42, the court says:
"But in case the attachment is discharged by order of the
court before judgment, or in case the plaintiff fails to recover
judgment, the attachment, in either case, would have been
wrongfully obtained, and the plaintiff would have been liable
to an action on his undertaking for damages; and the fact that
the court had ordered the attachment to be discharged would
be evidence against the plaintiff that the attachment had
been thus wrongfully obtained; and the action might be im-
mediately commenced for such damages, and such action be
determined before the original action, and the plaintiff com-
pelled to pay damages, perhaps, of an error in the court in dis-
charging the attachment.    Indeed, reaction, where there is

personal service, in no manner depends on the attachment. There may be a just cause of action, and no grounds for the order of attachment.    They are separate proceedings, and, in the opinion of this court, attachment is a special proceeding, which may be reversed before the determination of the action."

And in Harrison v. King, 9 Ohio St. 388, the court says: "The attachment is a special proceeding ancillary to the action, but so independent of it that an order in the attachment proceedings may, when final, be the subject of a petition in error during the pendency of the action."

And in Turpin v. Coates, 12 Neb. 321, holds that "a ruling of the district court discharging an attachment is a final order, and is subject to review."

And the same is held in Adams County Bank v. Morgan, 26 Neb. 148.    In Berry v. Gravel, 11 Iowa, 135, it is held that an appeal lies from an order dissolving or sustaining an attachment, and cites the cases of Johnson and Stevens v. Butler, 1 Iowa, 459, and Bell v. Preston, 1 Iowa, 460.

The same rule is held in Williams v. Hutchinson, 7 Soth. Rep. 852, and in many other states.

The courts of our territory have not heretofore had to pass upon the question as to whether or not judgments rendered in attachment proceedings are appealable.

For the sake of argument let us admit that such judgment may be taken up for review; that they are final judgments within the meaning of the statute, and are so separated from the main case that an appeal may be had if desired.    Admitting this to be the case, the question then is, as to the time within which the appeal may be taken.    Section 3136 of the Compiled Laws of 1897 reads as follows:    "Appeals in equity cases and writs of error in common law cases may be taken at any time within one year from the date of the rendition of final decrees or judgments  *  *  *."    This is the longest time allowed for the taking of an appeal or writ of error by the statutes of this territory.

If, therefore, this case was appealable as being a final judgment, when should the appeal have been taken?

The judgment dissolving the attachment was entered on the first day of June, 1894, and one year from that date would have brought the latest time to which a writ of error might have been sued out, to June 1, 1895, or one year after the rendering of the judgment. The record shows that the writ of error in this case was not sued out until January 28, 1898, or more than two years later than the law allowed such writ to be taken. If, therefore, the attachment is appealable, the appeal must be taken, or the writ of error sued out within the time allowed by the statute, to wit: within one year from the rendition of the final decree of judgment and as this was not done in this case, it consequently follows that if the proceedings on the writ of attachment were in themselves appealable, this case must be dismissed, because a writ of error was not sued out within the time limited by our statute.

But now let us examine the case from the standpoint that the attachment proceedings were not in themselves appealable ATTACHMENT: dis- and that they could only be reviewed after final missal of princi- judgment had been given in the main case of pal action: review. which they are a part.

This would seem to be the law in this territory. It is so held in the case of Leitensdorfer v. Webb, 20 Howard, 176, which went to the supreme court of the United States from this territory, and in which the court says:

"It is obvious that in the proceedings in the district court neither the justice nor the amount of the plaintiff's demand was put in controversy. These were not embraced within the issue raised upon the petition and affidavit. That issue related only to the right dependent upon his ability to show the alleged character of the defendant's acts, with respect to their creditors generally, and not with respect to the plaintiff particularly or exclusively. The verity and the amount of the plaintiff's demand were matters for distinct and ulterior investigation. The proceedings, then, upon the petition and affidavit, was in reality a proceeding in abatement, and not in

bar of the plaintiff's debt or right of recovery. This appears
to be a regular conclusion from the language of the law of the
territory.    *    *    *

"It is true, that by the practice of the state courts the
preliminary proceedings upon the petition and affidavit, and
any questions of law ruled by the courts in those proceedings,
are carried for review to the tribunals of last resort. But this
is a practice authorized by the states under their peculiar juris-
prudence. The states possess an undoubted power to permit
or to require of their courts the re-examination and control of
proceedings in their own tribunals, entirely interlocutory in
their nature. The appellate or revisory power of this court,
·as defined by the constitution and laws of the United States
is more restricted in its extent than that with which some of
the states have invested their courts. By the twenty-second
section of the act of congress to establish the judicial courts of
the United States, it is declared that final judgments and de-
·creed in civil actions and suits in equity in a circuit court
brought there by original process, or removed there from the
·courts of the several states or from a district court, where the
matter in dispute exceeds the sum or value of two thousand
·dollars, exclusive of costs, may be examined, and reversed or
affirmed in the supreme court. But there shall be no reversal
for error in ruling any plea in abatement other than a plea to
the jurisdiction of the court, or such plea to a petition or bill
in equity, as in the nature of a demurrer."

The supreme court of the United States thus held that
the finding for the plaintiff in an attachment suit was under
·our statute an interlocutory decree, and that an appeal from it
would not lie, and accordingly sustained the supreme court of
this territory. This authority controlling us, we will hold
that the same rule prevails in New Mexico. It would mani-
festly be improper to allow cases to be brought to this court
which if the amount involved was large enough could not be
·carried to the highest court in the land. The writ of attach-
ment is sued out as auxiliary to the main suit, to secure the
payment of any judgment which may be recovered therein.

It is not a separate action, although a final judgment as to the right to attach may be entered therein: The writ of attachment can not be sued out until some other action has been begun, to which it is auxiliary. In the present case, the record shows that the assumpsit suit was dismissed by the plaintiff on January 20, 1898, accordingly they can take no writ of error in that suit, nor do they attempt to do so. Where a party voluntarily dismisses his suit appeal or error will not lie from the order making such dismissal, nor will any ruling of the court previous to said dismissal be inquired into. This. is a well settled proposition of law.

"The plaintiff, by voluntarily dismissing his suit at the succeeding term, waived any error the court below may have committed in deciding the motion to dismiss. From that decision he has no right to appeal or prosecute error, as it was. not the final decision, determining the case, nor has he any right to have the final judgment of court dismissing the case reviewed, as a decision was made at his request and on his own motion." Newman v. Dick, 23 Ill. 278.

"This is an appeal from a judgment of nonsuit. The record shows that a nonsuit was granted on the motion of the plaintiff, and an appeal by him does not lie in such cases." Sleeper v. Kelley, 22 Cal. 456.

Holding as we do that the suit in assumpsit which was dismissed by the plaintiff can not be reviewed by this court, we can not see how, what is declared to be in Leitensdorfer v. Webb, supra, an interlocutory decree "and designed to abate the particular remedy by attachment only, and having no application to the plaintiff's right of recovery of his demand" can be considered. The dismissal of the main suit must abate what is auxiliary to it. If a new trial was ordered, and on the hearing the jury found in favor of the plaintiff, and that there was good grounds for the attachment, it could not benefit the plaintiff in his suit in assumpsit, as that has already been dismissed by him. If the plaintiff had desired to test the attachment proceedings he need not have dismissed his suit, but might have pressed it to a conclusion and have taken an appeal

or writ of error which would have brought the whole matter regularly before us.     The plaintiff having dismissed the main action we think that the attachment went down with it.

This conclusion disposes of the case, but we have gone further and have carefully examined the testimony offered in evidence, and the rulings of the court thereon, and the objections taken by the plaintiff as shown by the assignments of error, and we can find no substantial errors therein, nor after a careful examination of the record, in the light of decisions heretofore given by this court, can we see that the court committed error in directing the jury to find a verdict for the defendant, nor in refusing to grant a new trial.

We, therefore, are of the opinion that the judgment below should be affirmed, and the writ of error dismissed; and it is so ordered.

McFie, Parker, Crumpacker and Leland, JJ., concur.