RINDSKOFF, BRO. & CO. v. MALONE, *et al.*

1. EVIDENCE: PROTEST: SEAL. The certificate of protest of a notary public is not admissible in evidence when not authenticated by his

notarial seal; but such seal may be affixed when the certificate is offered in evidence.

2. SAME. An objection to the admission of a certificate of protest in evidence in the trial of a cause, should state specifically the defect upon which the objection is based.

3. SPECIFIC OBJECTIONS. The degree of particularity required in pointing out objections to the admissibility of evidence in different cases, presented and considered.

*Appeal from Lucas District Court.*

TUESDAY, NOVEMBER 1.

Defendants are the makers and indorsers of a negotiable promissory note. To charge the indorsers, plaintiffs offered in evidence the note and the protest of the notary, showing demand and notice as required by law. "Which, (in the language of the bill of exceptions,) was the only evidence offered by either party, and the defendant objected to the introduction of said note and protest, which was overruled; the same was received by the court as evidence, and at the same time, defendant (Malone,) objected to judgment being rendered against him, and thereupon the court rendered judgment against all of said defendants." Malone is the payee and indorser of the note, and appeals.

*T. B. Perry* for the appellant, cited Code of 1851 sections 82, 83, 24, 14; *Foss* v. *Isett,* 4 G. Greene 76; *Beal* v. *King,* 6 Ham. 11; 2 Greenl. Ev. 180 note 4.

*C. C. Cole,* with *Baker & Edwards,* for the appellee, contended that where objection is made to the introduction of evidence in the District Court, it is necessary that the party objecting should state the ground of his objection, so as to afford the opposite party an opportunity to remedy the defect, or this court will not reverse on any ground not thus taken or assigned; citing *Thompson* v. *Blanchard,* 2 Iowa 44; *McGregor, Lawes & Blakemore* v. *Armill,* Ib. 30; *Freher* v. *Geseka,* 5 Ib. 472; *Thurston* v. *Cavenor,* Mss. opinion at Davenport, April 1859.

WRIGHT, C. J.—The only question in the case is, whether the protest of the notary was, under the circumstances, disclosed by the record, properly received in evidence. The objection made to it now is, that it had no seal. That this was requisite we entertain no doubt. (Code, sections 244 82, 83.)

But is appellant in a position in this court to make this objection? It will be observed that the record simply shows that he "objected to the introduction of said note and protest." But why, or upon what ground, is not stated and no where appears. Neither was there any motion for a new trial, or any other step taken to call the attention of the court to this or or any other defect in the protest, or variance in the note. In our opinion under these circumstances, the objection cannot avail.

The degree of particularity required in pointing out objections to the testimony when offered, must depend very much upon the kind of testimony, and the circumstances and attitude of the case. Thus, if it was proposed to prove by parol, a contract which was not performed within one year from the making of the same, it might be sufficient for the record to show that the complaining party objected *generally* to the competency of such proof, for in such a case the mind of the opposite party and the court would be directed unerringly to the very point raised.

So if the wife should be offered as a witness for the husband in a civil case, or a party to the action should offer himself, the opposite party need show no more than that he objected to the introduction of said witnesses and their testimony. But when the testimony offered is apparently of a *kind* that is admissible to prove a particular fact or thing, then a general objection should be held to raise the question only of its competency as a *kind*, and not the technical sufficiency or competency of the particular instrument relied upon. And especially is this true where no motion for a new trial is made, or objection urged to the sufficiency of the testimony to sustain the judgment.

Now in this case it is claimed, and is true, that the notary had omitted to affix his seal to the protest. In every other respect it is complete and formal. If this objection had been made, it must have availed to exclude the testimony. But if made, the defect might possibly have been cured at once, and in this fact consists the strong reason for requiring the objections in such cases to be specific. The notary would have had the right at the time to affix his seal, and thus every difficulty would have been obviated.

We would not hold parties to a rule too strict in this respect, but we do think some degree of particularity is required. Thus if it had been objected that the protest was not properly authenticated, that it was not properly signed and sealed, we say if the bill of exceptions showed anything of this nature, we should be inclined to give appellant the benefit of any defect in the instrument which would fairly range itself under such objections. Not so however, when the objection is so general and pointless as in this instance. *Thompson* v. *Blanchard*, 2 Iowa 44; *Danforth, Davis & Co.* v. *Carter & May*, 1 Ib. 552; *Patterson* v. *Stiles*, 6 Ib. 54; *State* v. *Wilson*, 8 Ib. 407.

Judgment affirmed.