Hon. CALEB BALDWIN, Chief Justice.
  "   GEORGE G. WRIGHT, ⎫
  "   RALPH P. LOWE,     ⎬ Judges.

---

### GATES v. REYNOLDS.

1. DAMAGES FOR FALSE REPRESENTATIONS: RESCISSION OF CONTRACT. The purchaser of real estate cannot, in an action against the vendor, recover as damages, for false and fraudulent representations made by such vendor in the contract of sale, the amount of the money value of the consideration received by such vendor, when it is not shown that the plaintiff has offered to rescind the contract by placing the parties in *statu quo*.

2. SAME. In an action for false representations in the sale of land, if the contract has not been rescinded, or the plaintiff has not offered to rescind, the measure of damages is the difference between the actual value of the land purchased and its value as it was represented by the vendor.

Vol. XIII.     1

3. FALSE REPRESENTATIONS. To entitle the purchaser of real estate to recover for false representations made by the vendor, in the contract of sale, it must be made to appear that they were made with a knowledge that they were false; following *Holmes* v. *Clarke*, 10 Iowa, 433.

4. ATTACHMENT. In an action for false representations, the damages being unliquidated, an attachment should not be issued until the requirements of § 1851 of the Code of 1851, have been complied with.

*Appeal from Allamakee District Court.*

MONDAY, APRIL 15, 1861.[1]

THE facts are stated in the opinion of the court.

*Crosby and Hatch* for the appellants.

Contracts vitiated by fraud are voidable, and not void. The injured party may annul or enforce the contract, as the peculiar circumstances of the case may require. 1 Smith's L. C. 276. An election to rescind or affirm must be made promptly on the discovery of the fraud. Id. 276; 2 Pars. Cont. 278. A rescission can be effected only by placing the parties in *statu quo* or by an offer to do so. *Mattewan Company* v. *Bentley*, 13 Barb. 641; *Wheaton et al.* v. *Baker*, 14 Id. 594; *Masson* v. *Bovet*, 1 Denio, 69; *Baker* v. *Robins*, 2 Id. 136; 1 Hill. Vendors, 33. The purchaser cannot recover in an action at law the value of the consideration which he has parted with, unless he shows the fraud and the rescission of the contract. *Likes* v. *Baer*, 8 Iowa, 368; *Whitney* v. *Allaire*, 1 Hill, 484; 4 Denio, 554; 1 Com. 305.

The jury should have been instructed that the representations must have been made by the defendant with the knowledge that they were false, to entitle plaintiff to recover. *Holmes* v. *Clark*, 10 Iowa, 423.

The attachment should have been quashed, because the petition was not presented to any court or judge for allow-

[1] The report of this case has been delayed by the pendency of a petition for a rehearing, which was considered and overruled after the publication of the 12th Iowa Reports.

ance thereon of the amount in value of the property to be attached. Code of 1851, § 1851.

*John T. Clark* and *Reuben Noble*, for the appellee.

The plaintiff could not receive the Iowa lands after a discovery of the fraud, and then bring an action for the difference between their actual value and their value as they were represented by the defendant. He would be estopped by such act from claiming damages. The principle of the rescission of contracts has no application to this case. 2 Pars. Cont. 277; *Martin* v. *Roberts*, 5 Cush. 126; *Pierce* v. *Wood*, 3 Foster, 525; 15 Ohio, 200.

BALDWIN, J.—The plaintiff sold to defendant a farm in the state of Indiana, at the rate of forty dollars per acre, and, in consideration thereof, the defendant agreed to pay off incumbrances upon the land by him purchased to the amount of $3,000, and for the balance of the purchase money agreed to convey to plaintiff Iowa lands, at the rate of ten dollars per acre.

The plaintiff, in his petition, sets out a copy of the bond given to him by defendant, which sets forth the contract as above stated, and claims that the Iowa lands were not what the defendant represented them to be, and that by means of the false and fraudulent representations made by defendant at the time the contract was made, that he had been damaged to the amount of $10,000, for the recovery of which this suit is brought.

The defendant denies the fraud, and alleges that he has paid off the incumbrances to the amount of $3,000, on the land purchased of plaintiff, as he had agreed to, and is ready to perform his contract, and that plaintiff is not entitled to recover.

Upon trial, the court, after having fully and correctly directed the jury as to what constituted fraud, upon the question of damages charged them as follows:

" If the plaintiff is entitled to recover, he is entitled to recover the money value of the consideration received by the defendant, and the money value of the consideration at the time the defendant received it, and interest at six per cent. on the said value to the present time."

To this instruction the defendant excepted, and the giving thereof is the first error assigned.

It does not appear that plaintiff had offered to rescind the contract by placing the defendant in the same position he was in before the contract was made, which we think he would have to do before he " could recover the money value consideration received by the defendant." The defendant had partially performed his contract by paying off incumbrances to the amount of $3,000, which was a debt due by plaintiff, and was ready to fulfill his contract by executing a deed for the Iowa lands. Under this instruction the jury could have found for plaintiff the money value of the farm purchased by defendant, without an offer upon the part of plaintiff to rescind or to pay back the money advanced for him by defendant.

The claim of plaintiff is for damages sustained by reason of the false representations of defendant as to the quality of the Iowa lands. The rule of damages, as given by the District Court, would more aptly apply, had the plaintiff placed himself in a position to rescind the whole contract. Having failed to do this, the true measure of damages, under the pleadings, would be the difference between the land purchased by plaintiff at the date of the contract, and the amount the land would have been worth at that time, had it been such as it was represented to be by the defendant. *Hahn* v. *Cummings*, 3 Iowa, 583 ; *Likes* v. *Baer*, 8 Id. 369.

The court also refused to instruct the jury that the defendant was not liable unless he knew the representations he made were false. Under the rule as laid down by this

court, in the case of *Holmes* v. *Clark*, 10 Iowa, 433, this instruction should have been given.

The court also erred in refusing to dissolve the attachment, upon the motion of defendant. The claim of plaintiff was not founded upon a written contract. The damages being unliquidated, an attachment should not have been issued until the requirements of section 1851 of the Code had been complied with.

Judgment reversed.