# STATE OF IOWA;

## DES MOINES, DECEMBER TERM, A. D. 1864.

#### IN THE TWENTIETH YEAR OF THE STATE.

---

#### PRESENT:

Hon. GEORGE G. WRIGHT, Chief Justice.
 "  RALPH P. LOWE,
 "  JOHN F. DILLON,    } Judges.
 "  CHESTER C. COLE,

---

## Gwynn v. Turner et al.

1. Recording act: INDEX. A trust deed filed for record but not entered in the proper index does not operate as constructive notice of its contents to a subsequent purchaser.

2. Estoppel: PUBLIC SALE. The purchaser of real estate who has placed his deed upon record, is not bound to take notice of subsequent public sales of the same property under deeds of trust imperfectly recorded, and

Vol. XVIII.—1

is not estopped by a failure to give notice of his interest at such a sale of which he had no notice, and at which he was not present.

3. Prayer: RELIEF. The court will not grant relief not asked for in the pleadings.

*Appeal from Linn District Court.*

THURSDAY, DECEMBER 15.

THIS suit is brought to quiet the title to the southwest quarter of the southwest quarter of section thirty-three, township eighty-two, of range nine west, in the plaintiff. N. C. Turner being the owner of the land, on the 18th day of October, 1858, executed and delivered to Frank Plummer a trust deed thereon, to secure to Evans, Chew & Co., one thousand dollars, to be paid at certain dates therein specified. This deed was left with the Recorder of Linn county (that being the county where the land was situated) on the 19th day of October, 1858, for record. But the Recorder failed to index the same, or make any entry thereof in the entry book or index, as required by § 2222 of the Revision. The land was duly sold under the trust deed, and conveyed by Plummer to Thomas H. Morley, on the 31st day of December, 1859, which deed was duly filed for record, and properly indexed on the 6th day of February, 1860. On the 1st day of August, 1860, Thomas H. Morley sold and conveyed the land to Albert Morley, who took possession thereof and now claims title thereto. On the 16th day of April, 1859, N. C. Turner sold the land to the plaintiff, Vincent Gwynn, for a full and valuable consideration paid in hand, and executed a general warranty deed therefor, which was duly filed for record, and indexed on the 27th day of April, 1859; the said Gwynn having no notice of the prior trust deed upon the land. After the plaintiff's deed was duly recorded, but at what precise time is not shown, the trust deed was indexed in the index book, in its proper order, wholly by interlineation,

and was recorded in the record book after the plaintiff's deed. The plaintiff has ever been a non-resident of Iowa; but his brother who acted as his agent in the purchase of the land, and in the employment of his counsel in this case, as well as the attorney who made the examination of the records, as to Turner's title at the time of plaintiff's purchase, were residents of Linn county, and had been ever since and before the purchase. The defendant, Albert Morley, has paid the taxes on the property ever since his purchase.

The District Court rendered a decree quieting the title in fee simple in the plaintiff, and setting aside the other conveyances, so far as plaintiff's title was concerned, and for costs. The defendant Albert Morley appeals.

*Thomas Corbett* for the appellant.

*I. M. Preston & Son* for the appellee.

COLE, J.—I. The plaintiff having made his purchase of the property without any actual knowledge of the trust deed to Plummer, and that deed not having been

1. RECORD-ING ACT; index.

properly indexed as provided by our statute, so as to operate as constructive notice, it is clear that the plaintiff took the property discharged of and free from any lien created thereby. Nor is this proposition seriously controverted by the counsel for appellant.

II. But it is claimed, that since the sale under the trust deed was made in a public manner, and with due notice,

2. ESTOP-PEL: public sale.

after the plaintiff had acquired his title, and while the plaintiff's agent and his attorney were residents of the county where the sale was made, and under which sale the defendant acquired his title, that such facts will constitute an estoppel as against the plaintiff. The counsel for appellant, in his argument, states the doctrine of estoppel correctly, but the difficulty in his case is, that

the plaintiff did not encourage the sale to defendant or his grantor, nor did he stand by and remain silent. He is not shown to have been present at the sale, either in person or by his agent or attorney; nor is he shown to have had any notice of the sale under the trust deed. Where a person purchases real estate, and duly places his title upon the records of the county where it is situated, he has done all that is necessary for him to do to protect his title. He need not watch for notice of sale, nor run over the county to notify persons of his title and forbid sales of it, in order to protect his title, or defeat the application of the doctrine of *estoppel* to him. His title being of record is notice to all, and the doctrine of *caveat emptor* will apply to the purchaser.

Nor does the fact that the statute of limitations has barred any remedy against the recorder for his failure to properly index and record the trust deed, change or affect the rights of the plaintiff.

III. The defendant may be entitled to have refunded any taxes on the property paid by him, but there is no **3. Prayer:** such claim in the pleadings in this case, and, **relief.** therefore, no such relief can be properly afforded in this action.

The judgment of the District Court is affirmed.