HALLETT v. THE CHICAGO AND NORTHWESTERN RAILWAY COMPANY.

1. Amendment: OF JURAT. The jurat of an affidavit, offered in evidence, may be amended by adding thereto a reference to the notarial seal of the notary before whom the affidavit was made, which reference was omitted in the original jurat.

*Appeal from Tama District Court.*

MONDAY, JUNE 10.

ACTION to recover damages for the alleged killing of a mare by defendant. This suit is brought for double the value, under chapter 169 of the acts of the ninth General Assembly, p. 197. The cause was tried by the court; judgment for double the value of the animal killed; the defendant appeals.

*Green & Belt* for the appellant.

*Stivers & Cary* for the appellee.

COLE, J.—On the trial, the plaintiff offered in evidence his affidavit of killing of the mare by the defendant, together with notice of service thereof on one of its ticket agents, as provided by chapter 169, act of 1862. This affidavit was sworn to before a notary public, and was authenticated by both the signature and seal of the notary; but there was no reference to his notarial seal in the jurat. The defendant objected to its introduction as evidence, for the reason that there was no reference to the notarial seal in the jurat. The court sustained the objection, but allowed the notary to amend his jurat in that particular; and after such amendment permitted the plaintiff to introduce the same in evidence upon the terms of paying all costs except filing fee. To this ruling the defendant excepted, and thereon arises the only question presented for our decision in this case.

It was held by the court in *Riggs* v. *Bagley* (2 G. Greene, 383), that the omission of the clerk, in his attestation of a writ, to refer to the seal of the court, which was affixed thereto, was a technical defect which might

*1. AMENDMENT : of jurat.*

properly be amended. If a writ whereon, and the proper service thereof, the jurisdiction of the court rests, may be amended in the particular complained of, so as to relate back to and have full effect from its date, it would seem, *a fortiori*, that an affidavit may very properly be amended in the same particular and with like effect. See also as to amendments of affidavits, *Bunce* v. *Reed*, 16 Barb., 347; *Hees* v. *Snell*, 8 How. Pr., 185, and note; *Spalding* v. *Spalding*, 3 Id., 297; *Freeman* v. *Walter*, 13 Id., 384. In the case of *Tunis* v. *Withrow* (10 Iowa, 305), there was no signature, or seal to one affidavit, and no seal to the other. So also in *Chase* v. *Street et al.* (10 Id., 593). See also Rev., § 4119.

We do not wish to be understood as holding that the omission to refer to the seal in the jurat was such a defect as to require its rejection, as ruled by the District Court. See Rev., § 4037. If there was error, however, in that ruling, as we are inclined to hold there was, it was not to appellant's prejudice.

Affirmed.