MURDOUGH v. McPHERRIN.

49  479
83  557

1. **Attachment:** AMENDMENT OF WRIT.  Where a writ of attachment is issued under the seal of one court, while the action is pending in another, it is competent to amend the writ by attaching the proper seal, and a motion to quash for such cause will not lie.

*Appeal from Tama District Court.*

FRIDAY, OCTOBER 25.

ACTION on a contract.  The proper averments were made, authorizing the issuance of an attachment.  The same was issued, but the clerk affixed thereto by mistake the seal of the Circuit, instead of that of the District, Court.  The defendant filed a motion to quash, and release the property attached, because the writ of attachment did not have affixed thereto the seal of the District Court.  Thereupon plaintiff asked leave to amend the writ by having attached thereto the proper seal.  This was refused, and the motion to quash sustained, and the attached property discharged.  Plaintiff appeals.

*Stivers & Leland*, for appellant.

*Ebersole & Willett*, for appellee.

SEEVERS, J.—In *Foss v. Isett*, 4 G. Greene, 76, there was no seal affixed to what purported to be a writ of attachment, and it was held the writ could not be amended by affixing a seal thereto.  This decision was made under the Code of 1851, in which there was no provision authorizing any of the proceedings in attachment to be amended, and strict construction of the attachment law was then the rule.

In *Shaffer v. Sundwall*, 33 Iowa, 579, the seal of the District Court was attached to the writ when that of the Circuit Court

should have been. It was held the defect could not be cured by affixing the proper seal to the writ.

This decision was made under the Revision, which provided that the attachment law should be liberally construed, and that any "defect of form in the affidavit, bond, attachment or other proceeding" might be amended. Revision, § 3242.

Since the foregoing decision was made the Code has been enacted, and section 3021 thereof, it is claimed, is identical in substance with the Revision, § 3242. But we think the former is much broader than the latter. The word "attachment" has been omitted from the Code, and the word "writ" substituted. There is now, therefore, express authority for amending the writ, and in view of the foregoing decisions the change made in the statute is, to say the least, significant, and entitled to consideration. But this is not all. The Revision provided, § 3242, that "no attachment shall be dismissed for any defect in or want of bond, if the plaintiff, his agent, or attorney will at once substitute a sufficient bond; but the statements of cause of attachment shall not be amended."

The Code, § 3021, provides that "no attachment shall be quashed, dismissed, or the property attached released, if the defect in any of the proceedings has or can be amended so as to show that a legal cause for the attachment existed at the time it was issued; and the court shall give the plaintiff a reasonable time to perfect such defective proceedings."

Having provided in express terms that the "writ" might be amended, the General Assembly did not stop there, but expressly enacted that no attachment should be quashed for any defect in any of the proceedings, provided they could be amended, if a legal cause of attachment existed at the time it was issued. The legislative intent is so clear that to now follow the former decisions of this court would, in effect, by judicial construction, ignore the clearly expressed legislative will.

REVERSED.