MAGOON v. GILLETT ET AL.

·1. **Attachment:** AMENDMENT: PRACTICE. Under the provisions of section 3021 of the Code, where a writ of attachment has been issued and levied, in an action not founded in contract, without an allowance of the amount in value of property that might be attached having first been made, such defect may be cured by an allowance made by the court after the filing of a motion to quash. It is not a valid objection to the allowance that it is made by the court instead of by the judge.

*Appeal from Cerro Gordo Circuit Court.*

TUESDAY, JUNE 15.

THE facts are stated in the opinion.

*Miller & Cliggitt*, for appellants.

*Bush & Hurd*, *Burnap & Lee*, and *Wilber & Sherwin*, for appellee.

SEEVERS, J.—This action was not founded on contract, and the petition asked that an attachment issue, which was done, and certain real and personal property attached. No allowance of the "amount in value of the property that may be attached" was made by a judge of the Supreme, District, or Circuit Court, as is required by section 2955 of the Code. For this reason a motion was made by the defendants to quash the attachment and discharge the property. Before this motion was submitted, the plaintiff filed a paper in which the property attached was de-

1. ATTCH- MENT: amendment: practice.

scribed and its value stated and the court was moved to make an " order confirming said attachment and making an allowance of the further amount in value that may be attached." It was shown by affidavit that the defendants had encumbered their property since the attachment had been issued.

The last motion was sustained and the court made an " allowance and ordered that plaintiff be allowed to hold the property attached, and ordered that plaintiff be allowed to attach property in all not exceeding $2,500 in value," and thereupon overruled the motion to quash the attachment and discharge the property.

Sections 2955 of the Code, 3177 of the Revision, and 1851 of the Code of 1851, are identical, and it was held in *Gates v. Reynolds*, 13 Iowa, 1, that it was error to refuse to quash an attachment which had been issued in an action not founded on contract when no allowance of the amount in value of the property that might be attached had been made by a judge. At that time there was no statute as there is now authorizing the proceedings in the attachment to be amended, and strict construction of the attachment law was the rule.

Section 3021 of the Code provides the statute relating to attachments shall be liberally construed, and that the plaintiff, " at any time when objection is made thereto, shall be permitted to amend any defect in the petition, affidavit, bond, writ or other proceeding, and no attachment shall be quashed, dismissed, or the property released, if the defect in any of the proceedings has or can be amended, so as to show that a legal cause for the attachment existed at the time it was issued."

It is said that an attachment issued in an action not founded on contract without the required allowance made by a judge is void, and if so there is nothing which can be amended. In *Foss v. Isett*, 4 G. Greene, 76, it was said that a writ of attachment issued without the seal of the court had no more force and efficiency than a piece of blank paper, and that it

was void and could not be amended.    This case was followed in *Shaffer v. Sundwall*, 33 Iowa, 579.

In the subsequent case of *Murdough v. McPherrin*, 49 Iowa, 479, it was held that a writ which issued from the District Court, to which the seal of the Circuit Court had been attached, could be amended by placing thereon the seal of the court whence it issued.    It was urged in that case that a writ without the seal of the proper court was void and could not be amended, but it was held otherwise.    The same point was made in *Lowenstein v. Monroe*, 52 Iowa, 231, where the causes for the attachment had been verified by an attorney. These cases are decisive of that at bar, so far as the objection under consideration is concerned.    It is urged the statute requires the allowance to be made by a judge, and that it cannot be made by the court.    We are not prepared to say that the court may not lawfully exercise the power conferred upon the judge.    The statute does not prohibit the court from making the allowance, and if the petition was presented to the judge when the court was in session, and the allowance is made by him, it would seem to be immaterial whether it was done as judge, or as a court.    The same person does the required act.    But this is said to have been ruled otherwise in *Sherrill v. Fay*, 14 Iowa, 292.    No such point was in that case; BALDWIN, CH. J., who delivered the opinion, assumes in the course of his argument upon the question to be determined that the judge, in the first instance, must make the allowance.    If this be conceded to be true, yet as the Code, section 3021, in express terms provides that the court shall not quash the attachment or release the property if the defect, whatever it may be, can be amended, we think the court had the discretionary power not only to confirm what had been done, or rather make the allowance which should, as between the parties, relate back to the time the attachment was issued, and also to order or rather fix the amount in value of the additional property which could be attached.    It must be borne in mind that a legal cause for

the attachment was sufficiently stated in the petition, and the court only did what should have been done at a previous time. The encumbrancers are not parties to this action, and of course their rights are not adjudicated, and nothing herein said should be so construed.

AFFIRMED.