Argued August 4, decided September 13, 1910.

## STARKEY v. LUNZ.

[110 Pac. 702.]

ATTACHMENT—DEFECTS IN WRIT—SEAL—OMISSION—EFFECT.

1. A court clerk's omission to attach his seal to a writ as required by law is a remediable irregularity only when the statutes authorize such amendment, and, since circuit clerks are required to affix their seals to process issued by them, an attachment is void where such a clerk omitted his seal on the writ; the provision of Section 102, B. & C. Comp., permitting amendment of "proceedings" in furtherance of justice, not being enough to authorize amendment by affixing the seal.

COURTS—JURISDICTION—NONRESIDENCE.

2. A court of general jurisdiction can exercise authority over all property within its territorial limits when brought before it by due process, and it may dispose of it by judgment or decree, though the owner is a nonresident not found within the court's jurisdiction, and neither appears nor answers.

JUDGMENT—PROCESS TO SUPPORT—JURISDICTION OF PERSON AND PROPERTY.

3. If personal service of summons has been made on defendant in attachment within the state, or if he has appeared or answered, personal judgment may go against him and general execution issue thereon, but, when otherwise, power to render judgment is limited to property brought before the court by valid attachment.

From Douglas:  JAMES W. HAMILTON, Judge.

Statement by MR. CHIEF JUSTICE MOORE.

This is a suit by Frank F. Starkey against James H. Lunz, to determine an adverse interest in 160 acres of land in Douglas County, the complaint being in the usual form.

The answer denies the material averments of the complaint, and alleges that on August 19, 1904, John Brown was the owner of the real property in controversy, and, being indebted to David H. Lawrence, the latter commenced an action against him in the circuit court for the above-named county, and, having made and filed the necessary affidavit for an attachment and given the requisite undertaking therefor, a writ was issued pursuant to which the land was attached on the day named; that a judgment was rendered in that action and the land ordered to be sold; that a sale thereof was made to Lawrence, the sale

confirmed, and a sheriff's deed executed to the purchaser who conveyed all his interest in the premises to the defendant herein; and that, by virtue of such proceedings, the latter became and is the owner in fee of the property.

The reply put in issue the allegations of new matter in the answer, and, the cause having been tried, the court found that the attachment proceedings were in substantial compliance with the requirements of the statute in such cases, and dismissed the suit, whereupon the plaintiff appeals.                                        REVERSED.

For appellant there was a brief and an oral argument by *Mr. S. D. Allen.*

For respondent there was a brief over the names of *Mr. John T. Long* and *Mr. Frank G. Micelli,* with an oral argument by *Mr. Andrew M. Crawford.*

Opinion by MR. CHIEF JUSTICE MOORE.

The plaintiff asserts title from Brown by a subsequent attachment of the land, a judgment, a sale, and a sheriff's deed, and by a deed from such former owner. It is maintained that in the action instituted by Lawrence the writ of attachment was void, and that as Brown was not a resident of Oregon, nor found therein, and did not appear or answer in that action, the judgment directing a sale of the premises was rendered without jurisdiction, and, such being the case, an error was committed in dismissing the suit.

1. The defect which, it is insisted, makes the writ ineffectual, is the failure of the officer issuing it to attach his seal. The statute prescribing the style of writs is as follows:

"All process authorized by this Code, to be issued by any court or officer thereof, shall run in the name of the State of Oregon, and be signed by the officer issuing the same; and if such process be issued by a clerk of a court, he shall affix thereto his seal of office." Section 1227, B. & C. Comp.

The writ of attachment in the action brought by Law-
rence was issued by the clerk of the circuit court for
Douglas County, who omitted to affix any seal to the
instrument. Some contrariety of judicial expression
exists respecting the efficacy of process to which the officer
issuing it has neglected to attach his seal when he has one,
and is required by law to affix it. We think these decisions
can be reconciled when the statutes severally construed
are examined. If by such enactments process can be
amended before or after a judgment has been rendered,
the failure of a clerk of court to attach to a writ his official
seal, when so required by law, will be regarded as a reme-
dial irregularity; but, if the statute does not authorize
such a change of process, the neglect to affix the seal
makes the writ void. Thus in *Gates* v. *Reynolds,* 13 Iowa
1, the opinion announced, as subsequently explained by the
Supreme Court of that state, illustrates the characteristic
difference here attempted to be made. That was an action
to recover unliquidated damages for false representations,
and a writ of attachment having been issued without
presenting to a court or judge the complaint for allowance
of the amount and value of the property to be seized, as
required by the Code of 1851, it was held that an error
was committed by the trial court in denying the defend-
ant's motion to dissolve the attachment. Referring to the
decision in that case, Mr. Justice SEEVERS in *Magoon* v.
*Gillett,* 54 Iowa, 54, 55 (6 N. W. 131), says:

"At that time there was no statute as there is now
authorizing the proceedings in the attachment to be
amended, and strict construction of the attachment law
was the rule."

After setting out the statute permitting amendments of
writs of attachment or other proceedings, it is further
observed:

"In *Foss* v. *Isett,* 4 G. Greene 76 [Iowa] (61 Am. Dec.
117), it was said that a writ of attachment issued without
the seal of the court had no more force and efficiency than

a piece of blank paper, and that it was void and could not be amended. This case was followed in *Shaffer* v. *Sundwall,* 33 Iowa, 579. In the subsequent case of *Murdough* v. *McPherin,* 49 Iowa 479, it was held that a writ which issued from the district court, to which the seal of the circuit court had been attached, could be amended by placing thereon the seal of the court whence it issued. It was urged in that case that a writ without the seal of the proper court was void, and could not be amended, but it was held otherwise. The same point was made in *Lowenstein* v. *Monroe,* 52 Iowa, 231 (3 N. W. 51), where the causes for the attachment had been verified by an attorney. These cases are decisive of that at bar, so far. as the objection under consideration is concerned."

In *Insurance Co.* v. *Hallock,* 6 Wall. 556 (18 L. Ed. 948) in construing a statute of Indiana requiring an execution to be sealed, it was determined in a collateral suit that an "order of sale" in proceedings for the foreclosure of a mortgage came within the functions and supplied the purpose of an execution, which, if issued without a seal, was void. In *State* v. *Davis,* 73 Ind. 359, 360, it was held that a summons was not void because not attested by the seal of the court, and that the court had the right to order the clerk to affix the seal *nunc pro tunc* after judgment had been entered and the term closed. In deciding that case Mr. Justice ELLIOTT, speaking for the court, says:

"The case of *Insurance Co.* v. *Hallock,* 6 Wall. 556 (18 L. Ed. 948), does decide that an order of sale issued by a court of this state was void because not attested by the seal of the court. It has also been held by this court that, where there is no statute to the contrary, a writ or record must be attested by the seal of the court from which it comes."

Further in the opinion it is said:

"The liberal provisions of our statute, respecting the summons, would take such writs from under the old common-law rule, even if it were conceded that it is the rule which must be adopted respecting other writs. The provisions of the Code upon this subject are contained in Article IV, and the provision which directly bears upon

this point is found in Section 37, and is as follows: 'No summons, or the service, shall be set aside, or be adjudged insufficient, where there is sufficient substance about either to inform the party on whom it may be served, that there is an action instituted against him in court.' We think it very clear that the omission to affix the seal does not prevent the writ from imparting to the parties against whom it is issued, and that very fully and distinctly, information that an action is instituted against them."

In *Choate* v. *Spencer*, 13 Mont. 127 (32 Pac. 651: 20 L. R. A. 424: 40 Am. St. Rep. 425), it was ruled that a summons issued without the seal of the court was void, and could give no jurisdiction where the statute demanded that such process "must be issued under the seal of the court," although the statute also provided that the court should disregard any error or defect in the proceedings which did not affect the substantial rights of the parties.

2. Our statute authorizing changes in promotion of right is as follows:

"The court may, at any time before trial, in furtherance of justice, and upon such terms as may be proper, allow any pleading or proceeding to be amended by adding the name of a party, or other allegation material to the cause; and in like manner and for like reasons it may, at any time before the cause is submitted, allow such pleading or proceeding to be amended, by striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect, or when the amendment does not substantially change the cause of action or defense, by conforming the pleading or proceeding to the facts proved." Section 102, B. & C. Comp.

A defect in an affidavit for an attachment may be amended. Section 311, B. & C. Comp. The right to correct an error being thus limited to an affidavit, it would seem necessarily to follow that the power to change a writ of attachment did not exist, since no provision has been made by statute for amending any process. We do not think the word "proceeding" as employed in Section 102, B. & C. Comp., is comprehensive enough to embrace

process, for the means by which a class of rights are enforced are denominated special proceedings: Title VIII, B. & C. Comp. It is a well-recognized principle that a court of general jurisdiction can exercise authority over all property within its territorial limits when brought before it by due process of law, and may dispose of such property by judgment or decree, though its owner is a nonresident, not found within the jurisdiction of the court, and neither appears nor answers in the action.

3. The provisional remedy whereby a court's dominion over property in Oregon is obtained is by attachment, which control is secured by a compliance with the requirements of the statute granting the ancillary remedy. If judgment be rendered in the action and the property subjected to a lien for the payment of a debt has not been discharged from the attachment, the court is required to order and adjudge that the property be sold to satisfy the plaintiff's demand. Section 309, B. & C. Comp. If personal service of the summons has been made upon the defendant within the State, or if he has appeared or answered in the action, a personal judgment may be rendered against him, and a general execution can be issued thereon. When he has not been served at the place and in the manner indicated, and has not appeared or answered, the power of the court to render a judgment that is of any binding force is limited to the property which by attachment has been brought within its jurisdiction.

The judgment therefore may be *in personam* and *quasi in rem,* or the latter only, and, if no jurisdiction of the *res* has been secured, the court is powerless to condemn the property to the satisfaction of any debt, and the attempted attachment necessarily fails. In order to make valid condemnation, the specific property ordered to be sold must be within the territorial limits of the court held by an efficacious writ of attachment, legally issued, properly executed, and duly returned. Our statute expressly

demands that process, when issued by a clerk of court, shall be evidenced by his official seal, and no provision is made by statute for correcting the defect occasioned by the failure of that officer to affix his seal. The writ herein, being the process by which jurisdiction of the real property was undertaken to be secured, was ineffectual, the attempted levy thereof created no lien, and the judgment against the land is void and subject to collateral attack. It will be remembered that Starkey caused a subsequent attachment of the real property to be made, and thereafter obtained from the former owner a conveyance of all his interest in the premises. The plaintiff's race with the defendant's grantor, Lawrence, was a contest between Brown's creditors for supremacy, and, Starkey having ultimately won, there is no principle of equity intervening to prevent him from keeping what he procured by his vigilance.

The decree will therefore be reversed, and one entered here granting to the plaintiff the relief sought by the complaint.        REVERSED.