AMES EVENING TIMES, Appellant, v. AMES WEEKLY TRIBUNE, Appellee.

**APPEAL AND ERROR:** Contest In Re Official County Newspaper.
1 Contests *in re* official county newspapers will not be reviewed *de novo* on appeal.

**AFFIDAVITS:** When Seal Non-Essential. The seal of the clerk of
2 the district court is not necessary to the validity of the clerk's jurat to an affidavit.

**AFFIDAVITS:** Amendment. An affidavit is amendable by adding
3 to the jurat the seal of the officer before whom the oath was taken.

**EVIDENCE:** Official Signatures. Courts take judicial notice of the
4 official character and signature of their own clerk.

*Appeal from Story District Court.*—R. M. WRIGHT, Judge.

JUNE 27, 1918.

THE Ames Evening Times and the Ames Weekly Tribune, newspapers published in the city of Ames, Story County, Iowa, were rival candidates before the board of supervisors of said county for selection or appointment by said board as a county official newspaper, under the provisions of Code Section 441 of the Code of 1897. Each filed a list of its alleged bona-fide yearly subscribers living within the county, and each party objected to the sufficiency and good faith of the list filed by the other. On the hearing of this contest, the board of supervisors found that the Tribune's list of bona-fide yearly subscribers exceeded that of the list submitted by the Times, and gave the appointment to the former. From this finding and appointment, the Times appealed to the district court, which, upon examining the record and hearing the evidence offered by the parties, affirmed and approved the order made by the board. From said judgment, the Times appeals to this court.—*Affirmed.*

*John Y. Luke,* for appellant.

*Hadley & Langland* and *Geo. A. Underwood,* for appellee.

PER CURIAM.—The errors assigned and relied upon by appellant are as follows: (1) The judgment of the trial court is against the weight and preponderance of the evidence; (2) the court should have found the appellant entitled to the appointment; (3) the court erred in not finding the appellee's list of subscribers to be fraudulent, and in not finding that said list had been padded or enlarged by placing thereon names of others than bona-fide subscribers; and (4) the court erred in allowing the appellee to amend its affidavit to its list by supplying the seal of the clerk to the verification of said list: and to these propositions we confine our attention.

I. It will be observed that the first, second, and third assignments all relate to the sufficiency of the evidence to sustain the judgment of the district court, and we therefore consider them as one.

The argument for appellant seems to assume that this proceeding is of an equitable nature, and that fact questions in issue are triable in this court *de novo*. Appeals from the judgments and orders of boards and other inferior tribunals are always triable as ordinary proceedings, except where the statute clearly provides otherwise. The holding in *Young v. Rann*, 111 Iowa 253, announced no different rule. The ruling there was that an appeal from the board of supervisors in this class of cases brought the issue to the district court for trial after the manner of appeals from the judgment of a justice of the peace, and that it is to be heard and decided on the evidence produced on trial of the appeal; but this is very far from holding that, on appeal from the district court to this court, the issue is to be tried anew, as one in equity.

1. APPEAL AND
ERROR: contest *in re* official county newspaper.

Such being the situation, the finding of the trial court upon all disputed matters of fact is binding upon us, unless we can say, from an examination of the record, that there is no evidence whatever to justify the conclusion announced by the court. The veracity of witnesses, the weight and value to be accorded to their testimony, and the preponderance of evidence, were for the decision of the trial court, and its finding is to have the force and effect of a jury verdict. Each of the assignments of error, 1, 2, and 3, simply call into question the holding of the trial court upon the facts. We think the record is not so barren of evidence in support of these findings that we can dispose of them as matters of law.

II. The other question raised arises as follows: To the list of subscribers filed by the appellee and produced

in evidence, there was attached an affidavit of verification,
purporting to have been made by H. M.
Guy, and to have been subscribed and sworn
to before L. S. Kloster, clerk of the district
court of Story County, Iowa; but it was not attested
by the impression thereon of the clerk's seal. The court,
thereupon, and over the objection of appellant, allowed the
amendment of the verification by adding the seal thereto.
This ruling is argued by appellant as reversible error.

2. Affidavits: when seal non-essential.

The exception is untenable. The seal constituted no
part of the oath of the affiant. Its effect is to afford prima-
facie evidence of the official character of the officer properly
using it, and of the regularity of the certification. If the
statute creating the office and defining the duties of the
officer does not require him to attest his signature by a seal,
then the failure to use the seal does not affect the validity of
the act. The statute which empowers the clerk of the dis-
trict court to administer oaths (Code Section 393) makes
no requirement that the act shall be attested by the seal
of the court of which he is an officer. It is otherwise when
he takes the acknowledgment of a conveyance (Code Section
2959), and where he issues the process of the court (Code
Section 282.) But even if it should be held that an affi-
davit is insufficiently attested without a
seal, it is within the discretion of the court
to permit its amendment when offered in
evidence. *Rindskoff v. Malone*, 9 Iowa 540. In the cited
case, the notary had failed to attach his seal to his official
signature; and the court, while saying that an objection
thereto, if properly taken, would be good, further says that,
if objection had been made:

3. Affidavits: amendment.

"The notary would have had the right, at the time, to
affix his seal, and thus every difficulty would have been
obviated."

And while, in some of our earlier cases, it seems to

have been held that failure to attach the proper seal to a process of the court could not be cured by amendment (*Foss v. Isett,* 4 G. Greene 76), the later cases, perhaps under more liberal statutory provisions, have held even such defect amendable. *Murdough v. McPherrin,* 49 Iowa 479. See, also, *Hallett v. Chicago & N. W. R. Co.,* 22 Iowa 259.

Again, in the case before us, the affidavit was sworn to before the clerk of the trial court. That court will take judicial notice of the official character and signature of its clerk, without reference to whether it is

4. EVIDENCE: official signatures.

attested by a seal. *Finn & Co. v. Rose,* 12 Iowa 565; *Wetmore v. Marsh,* 81 Iowa 677, 680. In our judgment, the court could well have held the affidavit sufficient even without the amendment, and the order permitting such amendment was, therefore, without prejudice to the appellee's rights in the premises.

The judgment appealed from must be—*Affirmed.*

All the justices concur.