STATE OF IOWA, Appellee, v. JOHN DOE, 900 Locust Street; G. I. TITUS, Claimant, Appellant.

STATE OF IOWA, Appellee, v. JOHN DOE, 323 Court Avenue; G. I. TITUS, Claimant, Appellant.

Nos. 42883, 42884.

NOVEMBER 19, 1935.

2

Vernon W. Lynch, for appellant.

Edward L. O'Connor, Attorney General, Carl A. Burkman, County Attorney, and Walter F. Maley, Assistant Attorney General, for appellee.

ALBERT, J.—These two cases are submitted under one record. The testimony was made applicable to both machines.

These machines were seized under search warrant, and one G. I. Titus appeared claiming ownership of said machines and that they were not gambling devices. The machines were the ordinary type of slot machine. By dropping a nickel in the slot, the machine was started in operation and delivered a package of mints, and also slips on which were printed different sayings, and also, by mechanism of a disc in the machine, the fortune of the player was told. In the instant cases, the officer dropped a nickel in the slot of one machine and got nothing in return for it, and it was claimed the machine was out of order. From the other machine, he got a slip on which was printed the words: "You will marry a Greek dishwasher." The officer turned the slip over to the proprietor of the store where the machine was found and was given in return therefor four Harvester cigars. These were in addition to the mints that he had received from the machine when he dropped the nickel in it.

Great ingenuity has been utilized by the inventors of these machines to so construct them that they will not be gambling devices in the eyes of the law. Almost every state in the Union has passed upon these various devices and they have been universally condemned.

Titus insists that he knew nothing about the manner in which these machines were used, and that he did not know that any of the managers or proprietors of places where his machines were placed were giving merchandise for these slips of paper that came from the machines. This contention is wholly beside the issue. He says he furnished the machines and the mints to the various proprietors and the profits were divided with the merchants "fifty-fifty". Whether he knew that the machines were not being used for a legitimate purpose is of no significance. This proceedings is against the machines themselves, and their use; and what he, as the owner of such machines, knew as to the method in which they were being used

by the different proprietors of the different places where he had placed them had nothing to do with the case.

■■■ Whether or not these machines are per se gambling devices is not very material in the consideration of these cases. The question is, Were these machines used for gambling purposes? The evidence shows that the machines, as used, not only vended mints, but, in return for certain slips above referred to, the player not only received the package of mints which presumably was of the value of 5 cents, but also, by reason of the exchange of the certain slip thrown out or furnished by the machine, received four Harvester cigars in one instance, and·in the other he got nothing in return for the nickel dropped into the machine.

Many things or articles may be innocent in themselves, but may fall under the condemnation of the law by reason of the manner of their use. For instance, a deck of cards, in itself, may be wholly innocent, yet it may be used in a certain way so that it is subject to condemnation under the law; and it is on this theory that the court undoubtedly acted in the condemnation of these machines, to wit, that as a matter of fact they were being used in such a way as that it was a violation of the law. While this record is very scanty, we feel that the court had before it (which we do not have) the machines as exhibits in the cases. Further than this, the court had the witnesses on the stand and could observe their conduct and demeanor. Without the two machines, which were exhibits, before us, we cannot say that the court erred in its judgment wherein it condemned the machines.—Affirmed.

KINTZINGER, C. J., and MITCHELL, POWERS, ANDERSON, DONEGAN, RICHARDS, and HAMILTON, JJ., concur.