STATE OF IOWA, Appellee, v. JOHN DOE et al., Appellant.

No. 44982.

MARCH 5, 1940.

Walter F. Maley and Geo. D. Harris, for appellant.

Fred D. Everett, Attorney General, Jens Grothe, Assistant Attorney General, Burr C. Towne, County Attorney, and Paul L. Kildee, Assistant County Attorney, for appellee.

HALE, J.—This is a search warrant proceeding under chapter 617 of the 1935 Code of Iowa. The claimant, C. O. Fouts, by what is termed an answer of claimant, alleges various grounds attacking the validity of the proceedings and asking for the return of the articles seized. The action was begun in the municipal court of Waterloo and from a judgment of that court declaring forfeiture of part of the property seized, to wit, 83 slot machines and 148 punch boards, as gambling devices, appeal was had to the district court, where the judgment of the municipal court was affirmed, and appeal then taken to this court.

On April 7, 1938, S. R. Quealy, in the employ of the state department of justice, filed information with Judge Sager of the municipal court of Waterloo, asking that search warrant issue for the search of premises originally described in the information as 610 Bluff street, Waterloo, Iowa. Warrant was issued as prayed. Before search the information and warrant were amended changing the description of the premises to "rear of 403 West Fourth street." The information was verified, and again verified after the change. The time of the first application was shortly after 5 o'clock in the evening, after the office of the clerk of the municipal court was closed. George J. Sager, judge of the municipal court, was in the building and swore and examined Quealy, and afterwards, at the judge's residence,

swore him to the amended information. The clerk's office being closed, the magistrate put the information in his pocket and kept it in his possession until the following morning when it was delivered to the clerk and stamped "Filed" at 9:10 a. m., April 8, 1938. There was no seal on the information or the warrant. The defendant named in the warrant was "John Doe and Certain Gambling Devices." In the information, however, the defendant was merely "Certain Gambling Devices." No search was made at 610 Bluff street, but at the second place named, 403 West Fourth street, a large number of devices were found. The information in the case states that Quealy "has good reason to believe and does believe that certain Gambling Devices, to-wit: Cards, Dice, Faro, Roulette Tables, and other devices, are in said County, in the State of Iowa, in the building" at the address referred to, the same "being a gambling house resorted to for the purpose of playing at games of chance for money and other valuable articles." The search warrant is in the usual form and the return thereon certifies the execution of the warrant and the seizure of various articles described as being "gambling devices." The testimony shows that Quealy did not know the name of the owner of the premises until after the commencement of the raid. Notice was posted on the building, and on hearing in the municipal court the claimant, C. O. Fouts, filed what he terms an answer, setting out some 30 objections to the proceedings and asking the annulment of the information, search warrant, notice of seizure and the seizure itself, and for the return of the articles seized. On May 18, 1938, on trial, evidence was heard and the State asked leave to amend the search warrant by affixing the seal of the municipal court, which motion was overruled. Judgment of the court on June 20, 1938, directed forfeiture of the slot machines and punch boards and released the other articles. On appeal to the district court the cause was submitted on the evidence taken in the municipal court, and on such appeal the claimant interposed some 15 grounds of error. The district court affirmed the judgment of the municipal court, and from such affirmance appeal is taken to this court.

The first objection by appellant to the action of the court is that the proceedings were initiated by search warrant without the seal of the court, and in support of his claim that

1218

the search warrant is therefore a nullity appellant cites a number of cases from other jurisdictions, and Foss v. Isett, 4 G. Greene 76, 61 Am. Dec. 117. The rules of the different states vary to such an extent that it is difficult to say that there is any fixed rule, but in this state, since the decision in the Foss case, the court has often held that lack of a seal does not invalidate proceedings. One of the more recent cases is Ames Evening Times v. Ames Weekly Tribune, 183 Iowa 1188, 1191, 168 N. W. 106, 107, where the court says:

"If the statute creating the office and defining the duties of the officer does not require him to attest his signature by a seal, then the failure to use the seal does not affect the validity of the act."

A search warrant is not issued by the clerk of the court but by the magistrate. See section 13441-g5 of the 1935 Code (now section 13441.05, 1939 Code). In the next section (13441.06, Code, 1939, 13441-g6, Code, 1935) there is a form for a warrant in which no requirement for seal is indicated.

To the same effect as the Ames case, see Magoon v. Gillett, 54 Iowa 54, 6 N. W. 131; Rindskoff v. Malone, 9 Iowa 540, 74 Am. Dec. 367; Murdough v. McPherrin, 49 Iowa 479; Hallett v. Chicago and Northwestern R. Co., 22 Iowa 259, 92 Am. Dec. 393, and cases cited therein; 16 Corpus Juris, page 310, section 551. Magoon v. Gillett overrules the Foss case. In Rindskoff v. Malone, supra, an amendment was permitted, as was also done in Murdough v. McPherrin and Hallett v. Chicago and Northwestern R. Co., supra.

We do not think the lack of seal in a warrant issued by the magistrate makes invalid the proceedings.

■ Appellant also insists that there can be no legal issuance of a search warrant until the filing of the information in the office of the clerk of the court. Cases cited by the appellant are under statutes of other states, but our statute (section 13441-g4, Code of 1935) requires filing before a magistrate of written information, and such filing would be sufficient whether or not marked filed. See Bedford v. Supervisors, 162 Iowa 588, 144 N. W. 301; Peterson v. Barnett, 213 Iowa 514, 239 N. W. 77; Hartley v. Board of Supervisors, 179 Iowa 814, 162 N. W. 48, and cases cited.

■ Appellant objects to the description of the seized prop-

erty in the information and search warrant. The provision relative to description in the statute (section 13441-g4, Code of 1935) requires that the information shall describe with reasonable certainty the property sought to be seized. The constitution, Article I, section 8, provides that the warrant shall issue on probable cause supported by oath or affirmation particularly describing the place to be searched and things to be seized. We think the description was sufficient. See State v. Moore, 125 Iowa 749, 101 N. W. 732, and cases cited therein; State v. Thompson, 44 Iowa 399.

Section 13441-g22 of the Code, 1935, provides that:

"When any property shall have been seized by virtue of any such warrant, the same shall not be discharged or returned to any person claiming the same, by reason of any alleged insufficiency of description in the warrant, but the claimant shall only have a right to be heard on the merits of the case."

Nor do we think that there was error, as claimed by appellant, because the fictitious name of John Doe was used in designating the defendant. This question was raised in the recent case of Krueger v. Municipal Court of Sioux City, 223 Iowa 1363, 1368, 275 N. W. 122, 125. We quote from that case:

"Section 13441-g5 provides that the search warrant shall be directed to any peace officer in the county, 'commanding him forthwith to search the person or place named for the property specified, and bring said property before him.' Neither of these statutes requires that any person be named or described in a search warrant unless such person is to be searched; or unless he is known to be in possession of the premises or property to be searched, in which case, the information shall name or describe him. It is apparent from the record in this case that the search warrant here involved was not issued for the purpose of searching a person. Under section 13441-g4 it was not necessary that the information describe the person in charge of the premises and property, unless he was known; and, under section 13441-g5, it was not necessary that any person be named in the search warrant, unless he was to be searched. Both the information and the search warrant sufficiently described the premises to be searched. The name, John Doe, in the information and search warrant was merely surplusage, and could in

1220

no way affect the validity of the search warrant, as far as the premises were concerned." And see cases therein cited.

Appellant claims error because neither the information nor the search warrant were offered or admitted in evidence, nor were any of the devices seized under the warrant. Appellant cites as authority State v. Kingsbury, 191 Iowa 743, 183 N. W. 325. In that case certain liquors seized were offered in evidence, but the State failed to show that they were the liquors sold by defendant and that they were in the same condition as when seized. Other cases cited from other jurisdictions are not in point. There was no necessity of introducing in this proceeding the property seized, for the reason that the appellant in his answer admitted the seizure of the property described in the return, and there was no necessity of introducing either the information or the search warrant as they were a part of the case and the court would take judicial notice of the files in the same proceeding. See Slater v. Roche, 148 Iowa 413, 126 N. W. 925, 28 L. R. A., N. S., 702; Haaren v. Mould, 144 Iowa 296, 122 N. W. 921, 24 L. R. A., N. S., 404, and cases cited therein.

Appellant asserts that the search warrant in this case was issued without probable cause. We think the record does not bear out this contention. Judge Sager of the municipal court, in rendering his opinion, summarizes the evidence as follows:

"Claimant further contends that there was 'no probable cause' for the issuance of the search warrant in this case. The record shows that in addition to having the complainant sign and swear to the information, the magistrate also examined him under oath. If, as we have heretofore attempted to show, the information was regular on its face, there is ample evidence of the existence of probable cause."

In the case of State v. Bruns, 211 Iowa 826, 834, 232 N. W. 684, 688, the court said:

"There is no affirmative showing on appellant's part that the magistrate did not issue the warrant on probable cause. In compliance with the governing rules of law, we must presume that the magistrate did his duty, as required by statute."

The case of Burtch v. Zeuch, 200 Iowa 49, 202 N. W. 542,

39 A. L. R. 1349, holds that the probable cause mentioned in the Constitution and statute does not have to be shown in the information itself, but may be shown in an affidavit attached thereto, or by sworn testimony taken before the magistrate prior to the issuance of the warrant. The latter case holds that mere affidavit on belief would not be sufficient, but such is not the showing made in this case. Koch v. District Court, 150 Iowa 151, 129 N. W. 740, cited by appellant, does not support his contention, under the facts in this case. See also Krueger v. Municipal Court of Sioux City, supra, citing and approving Burtch v. Zeuch, supra. The record shows that Judge Sager examined the witness before the warrant, and the existence of probable cause for the issuance of a search warrant is to be determinated by the magistrate issuing such warrant. We hold that the law was complied with as to the question of probable cause. See State v. Bruns, supra

The next assignment of error by appellant is that the court erred in approving the seizure of the property, for the reason that the machines seized are not gambling devices per se, subject to condemnation. Appellant urges that the record fails to show that the devices in question had ever been used for gambling, were being used for gambling, or were intended to be so used, and that therefore they cannot be legally condemned, citing 12 Ruling Case Law 729, and a large number of cases from other jurisdictions. The State, however, cites section 13198 of the Code of 1935, which is as follows:

"If any person keep a house, shop, or place resorted to for the purpose of gambling, or permit or suffer any person in any house, shop, or other place under his control or care to play at cards, dice, faro, roulette, equality, punch board, or other game for money or other thing, such offender shall be fined * * *."

Also section 13210 of the Code of 1935, providing that no one shall in any manner or for any purpose whatever, except under proceeding to destroy the same, have, keep, or hold in his possession or control, any roulette wheel, klondike table, poker table, punch board, faro, or keno layouts.

These sections formerly had not included the words "punch board" but the statutes were amended by the insertion of the

words in each section by the Forty-third General Assembly in 1929.

The Forty-seventh General Assembly amended section 13198 by inserting a comma after the word "board" and inserting thereafter the words "slot machine," and amended section 13210 by striking the period and inserting the following: "or any other machines used for gambling, or any slot machine or device with an element of chance attending such operation."

The statutes therefore now include slot machines, and the State insists that this is a well-known term applying to gambling devices, and not ordinarily used for mere vending machines. There is authority for the State's contention. In the case of State v. Ellis, 200 Iowa 1228, 206 N. W. 105, and the case of State ex rel. Manchester v. Marvin, 211 Iowa 462, 233 N. W. 486, decided before the amendment to the statute, certain machines were defined as gambling devices, but evidence of use therefor was required. And to the same effect see State v. Doe, 221 Iowa 1, 263 N. W. 529. But the State contends that the rule as to evidence of use has been changed by the amendment to the statute by the Forty-seventh General Assembly, and the mere possession of a slot machine is made unlawful by such amendment, citing Parker-Gordon Imp. Co. v. Benakis, 213 Iowa 136, 238 N. W. 611, 614, which had reference to punch boards, and in which the court says:

"The Legislature of this state by incorporating the word 'punch board' into Sections 13198 and 13210 hereinbefore quoted, recognized a punch board as a gambling device."

The same rule would, of course, apply to the amendment adding the words "slot machine." The appellant, however, insists that the qualifying words added to the second section require evidence of use. The State insists also that the statute having declared punch boards and slot machines to be gambling devices, they are subject to forfeiture unless the person claiming an interest in said property appears and shows specific and legal cause why the same should not be forfeited under section 13441-g21 of the Code of 1935. Also the return of the warrant described the property as "gambling devices", which the State contends established a prima facie case as to the character of the machines; and the duty of proving that the slot machines

and punch boards described in such warrant were not such as would come within the prohibition of the statute was upon the appellant. We are inclined to the view of the trial court which held that punch boards and slot machines being specifically named as gambling devices, when seized under valid search warrant, are subject to forfeiture unless the person named in the information or claiming an interest in the property shows cause why they should not be so forfeited. We believe that under the evidence the court was justified in holding that the machines in question were subject to forfeiture.

Finally the appellant urges that in condemning the machines, as they were seized under circumstances constituting unreasonable search and seizure, under section 8, Article I of the Iowa constitution, the court erred, because (a) the seizure was made on an exploratory search from which no benefit can be derived, and made solely for the purpose of obtaining evidence to be used in a criminal prosecution; (b) the search was unlawful; (c) the officers were trespassers ab initio; and (4) the rule in State v. Tonn, 195 Iowa 94, 191 N. W. 530, should be reconsidered and overruled.

The appellant devotes considerable space to the proposition that the Tonn case, and the cases following and announcing the same rule, should be overruled. See, also, State v. Rowley, 216 Iowa 140, 248 N. W. 340. We have carefully examined the Tonn case and fail to see what effect it could have on the case in issue. In order for it to have any bearing it must be determined that the search in the present case was unlawful, but holding as we do that this was not an unlawful search and seizure, the question whether or not the ruling in the Tonn case was correct can have no bearing on the present controversy, and the question whether or not the seized articles are admissible in evidence is not one that need here be considered .

We recognize the constitutional and statutory rules governing the issuance of search warrants, the right of citizens to be free from unreasonable searches and seizures; but in the instant case, under the evidence, we are disposed to agree with the municipal and district courts in their finding that the articles taken under the warrant are properly seizable and come within the condemnation of the statutes.

1224

Our holding is, therefore, that the cause should be, and it is, affirmed.—Affirmed.

HAMILTON, C. J., and STIGER, BLISS, OLIVER, and MILLER, JJ., concur.

SAGER, J., takes no part.