**In the Matter of SEARCH WARRANTS OF the PREMISES OF 112 5TH STREET, ET AL., all in WEST DES MOINES, Iowa.**

No. 2–56680.

Supreme Court of Iowa.

Jan. 22, 1975.

Richard C. Turner, Atty. Gen., and John R. Perkins, Asst. Atty. Gen., for the State.

Dan Stamatelos, West Des Moines, for property owners.

Submitted to MOORE, C. J., and RAWLINGS, LeGRAND, HARRIS and McCORMICK, JJ.

LeGRAND, Justice.

On July 10, 1973, pursuant to search warrants issued by the Honorable Harry Perkins, a judge of the 5th Judicial District, certain gambling equipment was seized at the premises set out in the caption.

Thereafter, as provided in §§ 751.16 and 751.17, The Code, a forfeiture hearing was set and notice thereof given to the owners of the seized property. At the hearing, the

owners of the property were represented by counsel and resisted the forfeiture. See § 751.21, The Code. On July 25, 1973, Judge Perkins, by separate order as to each of the premises involved, forfeited some of the property taken under the search warrants and returned the remainder to the owners as not being subject to forfeiture.

The order contained a provision that the forfeited property "be retained for so long as it may be required for use as evidence, and that subsequently it be disposed of as provided by law, or as directed by further order of the court."

Thereafter, charges against the owners of the property were dropped and, later, they filed separate applications asking the return of the property seized under the search warrants.

Following hearing on these applications, another judge of the 5th Judicial District, Honorable Leo Oxberger, ordered the property which had been forfeited under Judge Perkins' order of July 25, 1973, returned to the owners. The State appeals from this ruling.

We point out no challenge is made to the forfeiture order nor to the proceedings leading up to it. See State v. Kaufman, 201 N.W.2d 722, 723, 724 (Iowa 1972). The application for the return of the property relies on two facts: (1) all charges against the owners of the property had been dismissed; and (2) the items seized are not contraband.

Judge Oxberger ordered the property returned to the respective owners, basing his ruling on the conclusion there had been no finding the items were either contraband or were being used illegally at the time of seizure.

■ We hold Judge Oxberger's order must be reversed. The forfeiture order entered on July 25, 1973, was a finality, and it was unaffected by the later dismissal of criminal charges involving the alleged illegal use of the forfeited property. Forfeiture proceedings are separate and inde-

pendent from criminal actions. State v. Kaufman, supra, 201 N.W.2d at 724.

Nor does the provision the property be held until further order of the court authorize a new determination of its forfeitable nature. The statute provides alternative methods of disposing of such property. It may be sold or destroyed (§§ 751.25 and 751.26); it may be used for scientific purposes (§ 751.31); or it may be used by peace officers in effecting law enforcement (§ 751.34).

■ While the last two of these are obviously inapplicable in this case, it was to determine which of these alternatives was appropriate that Judge Perkins reserved the matter for further order of the court. We cannot agree that the absence of a specific finding the property was being used illegally permits a return of the items to their owners. The forfeiture order itself was not challenged. It is a finality and is conclusive as to the legality of the forfeiture. While perhaps both the record made and Judge Perkins' findings might well have been more extensive, we have affirmed a forfeiture under a meager record even when there was an appeal from such an order. State v. Doe, 221 Iowa 1, 3, 263 N.W. 529, 530 (1935).

Once forfeiture has been finally decreed, there is no statutory authorization for returning the property to its owners. The case is remanded for entry of an appropriate order directing disposition of the property in accordance with the elections authorized in Chapter 751, The Code.

Reversed and remanded.